IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 24-cv-02624-PAB-NRN

MARIA J. PRKIC,

    Plaintiff,

v.

SEZZLE, INC.,

    Defendant.

_____

**ORDER**
_____

The matter before the Court is plaintiff's Motion for Preliminary Injunction and Sanctions [Docket No. 26]. In light of plaintiff's pro se status, the Court construes her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

**I. BACKGROUND**

Plaintiff Maria Prkic filed this case on September 23, 2024. Docket No. 1. She brings five claims against defendant Sezzle, Inc. ("Sezzle) based on her allegedly wrongful termination on May 28, 2024. Docket No. 1-1 at 4–8, ¶¶ 27–28, 33–64. Ms. Prkic's first claim is for retaliation in violation of the Sarbanes Oxley Act, 18 U.S.C. § 1514A(a). *Id.* at 4–5, ¶¶ 33–39. Ms. Prkic alleges that Sezzle terminated her employment as a paralegal after she notified Sezzle that it was violating certain financial regulations. *Id.* Ms. Prkic's second claim is for retaliation in violation of the Dodd-Frank

Act, 15 U.S.C. § 78u-6 (h)(1), based on the same whistleblower activity. *Id.* at 5–6, ¶¶ 40–45. Ms. Prkic's third claim is for retaliation in violation of the Colorado Equal Pay for Equal Work Act, Colo. Rev. Stat. § 8-5-101 et seq., wherein she alleges that Sezzle terminated her after she complained she was not receiving compensation commensurate with the work she was performing. Docket No. 1-1 at 6–7, ¶¶ 46–54. Ms. Prkic's fourth claim is a state law claim for wrongful termination in violation of public policy. *Id.* at 7, ¶¶ 55–60. Ms. Prkic alleges that she was terminated in violation of public policy because she was discharged for exercising her statutory right to be duly compensated. *Id.* Ms. Prkic's fifth claim is for breach of contract. *Id.* at 8, ¶¶ 61–64. Ms. Prkic alleges that Sezzle breached the parties' agreement to promote Ms. Prkic to the position of AML Officer by failing to change her title or increase her compensation. *Id.*

On November 18, 2024, Sezzle filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Docket No. 22. The motion has been fully briefed and is set for a hearing before Magistrate Judge N. Reid Neureiter on January 8, 2025. Docket 25.

On December 3, 2024, Ms. Prkic filed a motion in which she seeks both a preliminary injunction pursuant to Rule 65 and sanctions against Sezzle pursuant to Rule 11.[1] *See* Docket No. 26. In that portion of Ms. Prkic's motion seeking a preliminary injunction, Ms. Prkic asks the Court to issue an order requiring Sezzle to

---

[1] In this order, the Court will address only that portion of Ms. Prkic's motion seeking a preliminary injunction. That portion of Ms. Prkic's motions seeking sanctions will be referred to Magistrate Judge Neureiter pursuant to D.C.COLO.LCivR 72.1 and 28 U.S.C. § 636.

2

"[p]rovide restitution to the Plaintiff in the sum of $19,105.67 per month, calculated based on the Plaintiff's rightful earnings for fulfilling the dual roles of AML Officer and Paralegal, from the date of wrongful termination, May 28, 2024, until the final resolution of this case," and for Sezzle to pay Ms. Prkic "$97,454.02 for the six months since the wrongful termination." *Id.* at 5–6.  Ms. Prkic also appears to ask the Court, in the alternative, to order Sezzle to reinstate Ms. Prkic in her position as a paralegal.  *See id.* at 4 ("Conversely, the Defendant, Sezzle, Inc., would merely be required to reinstate the Plaintiff's employment or, at the very least, to maintain the financial status quo by compensating the Plaintiff as if she were still employed.").  Sezzle responded to the motion,[2] Docket No. 32, and Ms. Prkic replied.  Docket No. 30.

## II.  LEGAL STANDARD

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 US. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).  "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted).

---

[2] The Court struck Sezzle's initial response for failing to comply with the Court's practice standards.  Docket No. 31.  Sezzle filed an amended response on December 19, 2024.  Docket No. 32.

Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).[3]

---

[3] Sezzle argues that Ms. Prkic seeks a disfavored injunction because the relief she requests "would mandate that Sezzle take certain action, would change the status quo, and would grant all the relief to which Plaintiff might be entitled at trial." Docket No. 32 at 1–2. There are three types of preliminary injunctions that are disfavored: (1) injunctions that disturb the status quo, (2) injunctions that are mandatory rather than prohibitory, and (3) injunctions that provide the movant substantially all the relief it could feasibly attain after a full trial on the merits. *See Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1260 (10th Cir. 2005). In seeking a disfavored injunction, "the movant must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Fish v. Kobach*, 840 F.3d 710, 724 (10th Cir. 2016) (quotations, alterations, and citation omitted); *see also Schrier*, 427 F.3d at 1259 (stating that such injunctions "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course" (citation omitted)). However, as the Tenth Circuit has explained, a party seeking reinstatement does not necessarily seek a disfavored injunction because the status quo is determined at "the last uncontested status between the parties which preceded the controversy until the outcome of the final hearing." *Schrier*, 427 F.3d at 1260 (quoting *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1155 (10th Cir. 2001)) ("Dr. Schrier's request that he be reinstated as Chair seeks to preserve rather than disturb the status quo, regardless of whether or not he is legally entitled to such reinstatement. As such, it was erroneous for the magistrate judge to conclude that Dr. Schrier's injunction was disfavored on the basis that it alters the status quo."). Moreover, "[t]here is no reason . . . to disfavor a preliminary injunction simply because the plaintiff would get no additional relief if [s]he prevailed at the trial on the merits." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1247 (10th Cir. 2001) (quotations and citation omitted). Thus, the requirement that the preliminary injunction afford plaintiff "all the relief to which [she] may be entitled must be supplemented by a further requirement that the effect of the order, once complied with, cannot be undone." *Id.* (quotation and citation omitted). Sezzle appears to argue that the effect of ordering Sezzle to pay Ms. Prkic cannot be undone because Ms. Prkic will not be able to repay Sezzle if she loses. Docket No. 32 at 10. The Court finds that it is unnecessary to resolve the issue of whether Ms. Prkic seeks a disfavored injunction.

## III.  ANALYSIS

The Court finds that Ms. Prkic's motion is facially deficient because it fails to identify any basis by which she has or will suffer irreparable harm in the absence of preliminary relief.  "Because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements . . . will be considered."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

Ms. Prkic argues that she will suffer irreparable harm if the Court denies her motion because her "termination from Defendant Sezzle, Inc. has thrust the Plaintiff into acute financial distress, significantly worsened by the imminent cessation of unemployment benefits on December 31, 2024, and the exhaustion of her credit lines." Docket No. 26 at 3.  Ms. Prkic also maintains that the "manner of Plaintiff's dismissal has adversely affected her professional standing, complicating her efforts to secure equivalent employment."  *Id.*  She asserts that, if she is denied preliminary relief, she "will be without a steady income, reliant on diminishing resources which cannot be replenished or compensated in full after litigation, particularly if Plaintiff's claims are vindicated."  *Id.* at 4.  Ms. Prkic claims that the Supreme Court has recognized that the loss of income can constitute irreparable harm not adequately addressable by monetary damages post-judgment.  *Id.* at 3 (citing *Sampson v. Murray,* 415 U.S. 61 (1974)).

---

For the reasons discussed in this order, the Court finds that Ms. Prkic has failed to satisfy the standard for a non-disfavored preliminary injunction.

In *Sampson*, the Supreme Court noted that "cases may arise in which the circumstances surrounding an employee's discharge, together with the resultant effect on the employee, may so far depart from the normal situation that irreparable injury might be found." *Sampson*, 415 U.S. at 92 n.68. However, the Court explained that "an insufficiency of savings or difficulties in immediately obtaining other employment – external factors common to most discharged employees and not attributable to any unusual actions relating to the discharge itself – will not support a finding of irreparable injury, however severely they may affect a particular individual." *Id.* Since *Sampson*, courts have held that, "[i]n lawsuits alleging wrongful termination or adverse employment action, the plaintiff is ordinarily not irreparably harmed." *Sambrano v. United Airlines, Inc.*, 2022 WL 486610, at *6 (5th Cir. Feb. 17, 2022). "That is because the statutory relief available at the conclusion of a successful lawsuit (including reinstatement and back pay) can adequately compensate the plaintiff for the employer's wrongful conduct." *Id.*; *see also Nagim v. Walker*, No. 10-cv-02973-WYD-KLM, 2011 WL 1542460, at *2 (D. Colo. Mar. 8, 2011), *report and recommendation adopted*, 2011 WL 1542157 (D. Colo. Apr. 25, 2011) ("To the extent that his alleged injury stems from termination of his employment, Plaintiff has an adequate remedy at law, namely compensation for lost wages and/or other economic relief." (citing *Prairie Band,* 253 F.3d at 1250)); *Together Emps. v. Mass Gen. Brigham Inc.*, 19 F.4th 1, 8 (1st Cir. 2021) ("When litigants seek to enjoin termination of employment, money damages ordinarily provide an appropriate remedy." (citation omitted)); *Halczenko v. Ascension Health*, Inc, 37 F.4th 1321, 1323 (7th Cir. 2022) (affirming district court's determination that "a permanent loss of employment, standing alone, does not equate to irreparable harm"

and that "the possibility of reinstatement or back-pay at the end of litigation . . . is usually enough to show that preliminary injunctive relief is unnecessary.") (citation omitted). Courts have found that the remedies of back pay and reinstatement are adequate remedies for an employee's termination, regardless of which statute provides for the remedy. *See Together Emps.*, 19 F.4th at 8 (The rule that money damages are ordinarily adequate "governs both the Title VII and ADA claims because they both arise from the termination of employment."); *Berber v. Wells Fargo Bank, N.A.*, 760 F. App'x 684, 686–87 (11th Cir. 2019) (unpublished) ("Damages for harms like lost wages are expressly provided for under the FPWA, Fla. Stat. § 448.103(d) . . . . Because the type of damages Berber asserts are wholly compensable with a monetary remedy, she has not shown that the damages are irreparable or that she would be entitled to equitable relief.").

The only claim Ms. Prkic addresses in her motion for a preliminary injunction is her Sarbanes Oxley Act claim.[4] *See* Docket No. 26 at 1–4. The whistleblower provisions of the act state that an "employee prevailing in any action under subsection (b)(1) shall be entitled to all relief necessary to make the employee whole." 18 U.S.C. § 1514A(c)(1). This relief "shall include – (A) reinstatement with the same seniority status that the employee would have had, but for the discrimination; (B) the amount of

---

[4] On January 5, 2025, Ms. Prkic filed Plaintiff's Sur-Reply to Defendants Amended Response to Motion for Preliminary Injunction and Sanctions. Docket No. 34. In her second reply, Ms. Prkic summarizes all five of her claims. *Id.* at 3–4. Ms. Prkic's second reply is in violation of the Court's practice standards, and the Court will not consider it. *See* Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer, § III.B.2 ("No surreply or supplemental briefs shall be filed without leave of court."). Even if the Court were to consider Ms. Prkic's second reply, the reply fails to demonstrate that Ms. Prkic will suffer irreparable harm.

7

back pay, with interest; and (C) compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees." *Id.*, § 1514A(c)(2).

In her motion, Ms. Prkic fails to identify any circumstances that "so far depart from the normal situation" as to show irreparable injury. *Sampson*, 415 U.S. at 92 n.68. Instead, Ms. Prkic's showing of irreparable harm relies entirely on "external factors common to most discharged employees and not attributable to any unusual actions relating to the discharge itself." *Id.* Moreover, she fails to explain why the remedies afforded her under the Sarbanes Oxley Act are inadequate to address her injuries. *Sambrano*, 2022 WL 486610, at *6. Because Ms. Prkic has failed to demonstrate irreparable harm, the Court will deny that part of her motion seeking a preliminary injunction.[5]

## IV. CONCLUSION

It is therefore

**ORDERED** that the portion of the Motion for Preliminary Injunction and Sanctions [Docket No. 26] seeking a preliminary injunction is **DENIED**.[6] It is further

---

[5] *State v. EPA*, 989 F.3d 874, 890 (10th Cir. 2021) ("When the failure to satisfy one factor is dispositive, a court need not consider the other factors."); *Fasi v. HSBC Bank USA, N.A.*, No. 12-cv-03290-PAB-MJW, 2013 WL 50434, at *3 (D. Colo. Jan. 3, 2013) ("The Court need not reach the other factors of the inquiry because, absent a showing of irreparable harm, Ms. Fasi does not provide sufficient support for issuance of injunctive relief." (citing *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1172 (7th Cir. 1997) ("a plaintiff who cannot show any irreparable harm at all from the withholding of a preliminary injunction is not entitled to the injunction however strong his case on the merits, for he has no need for preliminary relief in such a case, no need therefore to short circuit the ordinary processes of the law.")).

[6] The Court concludes that it can appropriately resolve the present motion without a hearing. *See Sgaggio v. Weiser,* No. 22-cv-01791-PAB, 2022 WL 3700723, at *4 n.2 (D. Colo. Aug. 26, 2022) (denying preliminary injunction motion without a

**ORDERED** that the portion of the Motion for a Preliminary Injunction [Docket No. 26] requesting sanctions against defendant Sezzle, Inc. is referred to Magistrate Judge N. Reid Neureiter.

DATED January 6, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

hearing); *Zeller v. Ventures Tr. 2013-I-NH*, No. 15-cv-01077-PAB-NYW, 2015 WL 4720313, at *5 n.2 (D. Colo. Aug. 10, 2015) (denying preliminary injunction motion without a hearing) (citing *Prosper, Inc. v. Innovative Software Techs*, 188 F. App'x 703, 706 (10th Cir. 2006) (unpublished) (holding that district court did not abuse its discretion in failing to hold a hearing on motion for preliminary injunction); *Reynolds & Reynolds Co. v. Eaves*, 1998 WL 339465, at *3 (10th Cir. June 10, 1998) (table decision) (rejecting argument that court was required to hold evidentiary hearing on motion for preliminary injunction)); *see also* D.C.COLO.LCivR 7.1(h); Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

9