IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02624-PAB-NRN

MARIA J. PRKIC,

Plaintiff,

v.

SEZZLE, INC.,

Defendant.

MINUTE ORDER[1]

Entered by Magistrate Judge N. Reid Neureiter

It is hereby ORDERED that Plaintiff Maria J. Prkic's ("Plaintiff") "Motion to Compel Production of Original Unedited Videotaped Deposition Recording and for Sanctions (Fed. R. Civ. P. 30 and 37)" (ECF No. 139) is DENIED without prejudice.

In her Motion, Plaintiff makes several assumptions about the supposed unfair or incomplete editing of the deposition video. To assess whether the video is accurate or not, one should compare the video with the transcript of the deposition, which Plaintiff concedes she does not have, and has not yet reviewed. Once Plaintiff has received and reviewed the transcript and compared it with the video segments that she is in possession of, she may seek relief to the extent she believes the video does not accurately reflect what is shown by the transcript. At this time, the relief sought by Plaintiff does not appear to be justified.

---

[1] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Minute Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).  Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

      With respect to Plaintiff's "Notice of Irregularities" during the deposition (ECF No. 137), the Court does not find that there was anything necessarily irregular about what happened at the deposition. The Court will note that the deposition was conducted in the Court's jury deliberation room, and the Court was available in real time to address any concerns or objections to how the deposition was being conducted. The deposition was held in the jury room with a judicial officer just steps away for the precise purpose of allowing either side to make objections or concerns known at the time of the deposition and to be ruled upon at that time. To the extent Plaintiff failed to make any objections or raise her concerns with the Court at the time the deposition was being taken, those "concerns" or "objections" have been waived.

Date: December 30, 2025