IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-02624-PAB-NRN

MARIA J. PRKIC, an individual,

 Plaintiff,

v.

SEZZLE, INC., a publicly traded financial technology company,

 Defendant.

---

## ORDER

---

This matter comes before the Court on Plaintiff's Objection to Magistrate Judge's Minute Order Setting Status Conference [Docket No. 161].[1]

## I. BACKGROUND

Maria J. Prkic filed this action against Sezzle, Inc. ("Sezzle") on September 23, 2024. Docket No. 1. Plaintiff's claims arise from her employment with and termination from Sezzle. Docket No. 114 at 5-8, ¶¶ 29-57. Plaintiff brings claims for a violation of the Colorado Equal Pay for Equal Work Act, for wrongful termination, and for breach of contract. *Id.*

On February 6, 2026, Ms. Prkic filed a motion to compel discovery. Docket No. 150. On March 9, 2026, Ms. Prkic filed a motion for a jury trial, arguing that the Court should set a jury trial in this case as soon as practicable. Docket No. 154. In the

---

[1] Because Ms. Prkic is proceeding pro se, the Court construes her filing liberally without serving as her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

motion, Ms. Prkic requests that Sezzle's dispositive motions be denied and that the jury should be sequestered.  *Id.* at 3.  On March 10, 2026, Magistrate Judge N. Reid Neureiter issued a minute order setting a telephonic status conference for March 19, 2026.  Docket No. 158.  Ms. Prkic timely objected to Judge Neureiter's March 10, 2026 minute order on March 11, 2026.  Docket No. 161.  Ms. Prkic included a screenshot of an email in her objection indicating that, on March 10, 2026, at 11:51 a.m., Sezzle requested that Judge Neureiter set a status conference to resolve open motions. Docket No. 161 at 4.  Sezzle also indicated it would be filing a motion for extension of time related to the dispositive motion deadline.  *Id.*  Sezzle filed that motion on March 11, 2026.  Docket No. 159.  Ms. Prkic included another screenshot of an email in her objection indicating that, on March 10, 2026, at 11:10 a.m., Sezzle conferred with Ms. Prkic regarding the motion for an extension of time, and indicated that its purpose was to allow time for a status conference.  Docket No. 161 at 3.

## II.  LEGAL STANDARD

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under this standard of review, a magistrate judge's finding should not be rejected merely because the district court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).  The clearly erroneous standard requires a district court to affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).  "Under the 'contrary

2

to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly." *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, alterations, and citations omitted). Ms. Prkic does not argue that Judge Neureiter's minute order is dispositive, and the Court does not find it to be. Thus, the Court will review the minute order under the clearly erroneous standard.

## III. ANALYSIS

Ms. Prkic argues that Judge Neureiter's March 10, 2026 minute order "is clearly erroneous and contrary to law because it ignores Plaintiff's pending Motion for Jury Trial . . ., which demands denial of dispositive motions and immediate jury trial." Docket No. 161 at 1. Ms. Prkic also argues that Sezzle's request for a status conference "was improper under D.C.COLO.LCivR. 7.1(a) which requires meaningful good-faith conferral before filing motions. Defense emailed Plaintiff at 11:10 AM on March 10 seeking position on extension (Exhibit A), then 41 minutes later emailed chambers requesting conference without Plaintiff's response or formal motion filing." *Id.* Plaintiff requests that the Court modify or set aside the minute order, vacate the March 19, 2026 status conference, and set a jury trial as soon as practicable. *Id.* at 2. Moreover, Ms. Prkic informs the Court that she does not intend to participate in the March 19, 2026 status conference. *Id.*

The Court finds Ms. Prkic's arguments unavailing. First, Judge Neureiter's March 10, 2026 order does not ignore Ms. Prkic's pending motion for a jury trial. In fact, the purpose of the status conference appears to be to the resolution of pending motions. *Id.* at 4. Ms. Prkic can raise her motion for a jury trial during the status conference,

assuming that Judge Neureiter wants to hear argument on it.  Moreover, to the extent

Ms. Prkic argues that the status conference delays her right to a jury trial, the Court

rejects it.  Judge Neureiter has discretion to set hearings to manage his docket.  *Harris*

*v. Take-Two Interactive Software, Inc.*, No. 24-cv-01508-PAB-MDB, 2025 WL 295014,

at *3 (D. Colo. Jan. 24, 2025) ("It is within a magistrate judge's discretion to hold a

status conference."); *Bralich v. Gayner*, No. 20-cv-3800-RMR-STV, 2021 WL 12150704,

at *3 (D. Colo. Dec. 8, 2021) ("Plaintiff's challenge to the Court's authority to conduct

status conferences is frivolous.").  Here, Judge Neureiter decided to set a status

conference at the request of Sezzle.  Docket No. 161 at 4.  Plaintiff identifies no error in

him doing so.

Next, the Court does not find that it was clearly erroneous or contrary to law for

Judge Neureiter to schedule a status conference even though Sezzle did not file a

formal motion or confer with Ms. Prkic before making the request.  Ms. Prkic points to

no case law stating that a status conference must be set through the filing of a motion,

and the Court is aware of none.  "[D]istrict courts have the inherent authority to manage

their dockets and courtrooms with a view toward the efficient and expedient resolution

of cases."  *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).  The Court also does not find that

Judge Neureiter's March 10, 2026 order was clearly erroneous or contrary to law due to

the alleged lack of good-faith conferral.  Plaintiff includes in her motion an email from

Sezzle to Judge Neureiter and Ms. Prkic that requests a status conference.  Docket No.

161 at 4.  Judge Neureiter has discretion to act on a request for a status conference

without applying Local Rule 7.1(a).

Finally, in regard to Ms. Prkic's statement that she does not plan to attend the status conference, Ms. Prkic is warned that "[t]he Tenth Circuit has repeatedly recognized that a court has authority to impose the sanction of dismissal for . . . failing to obey court orders." *Preacher v. Wiley*, No. 09-cv-00278-CMA-MEH, 2009 WL 6409350, at *3 (D. Colo. Nov. 20, 2009), *report and recommendation adopted*, 2010 WL 1753324 (D. Colo. Apr. 29, 2010). "[A]lthough Plaintiff is proceeding *pro se*, [she] is not immune from Rule 41(b) or 11 sanctions." *Id.* (citations omitted).

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Objection to Magistrate Judge's Minute Order Setting Status Conference [Docket No. 161] is **OVERRULED**.

DATED March 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

5